IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE JANNEY MONTGOMERY SCOTT LLC FINANCIAL CONSULTANT LITIGATION | MASTER FILE: 06-3202 |

## JUDGMENT AND ORDER OF DISMISSAL

**AND NOW**, this **16th** day of **July, 2009**, after a hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Joint Stipulation and Settlement Agreement (the "Stipulation"), due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this action.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and Defendant Janney Montgomery Scott LLC ("Janney").

3. The Court grants final approval of the parties' Stipulation.

4. The Court finds that the distribution of the Notice to Class Members Regarding Pendency of Class and Collective Action and Notice of Hearing on Proposed Settlement, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met

the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the Class was adequate.

5. The Court finds, for purposes of settlement only, that the Settlement Class defined in the Stipulation satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23 and that the Settlement Class Members who filed Qualifying Claim Forms and Consent to Join Settlement Forms satisfy the applicable standards for participating in and being bound by the judgment in a collective action under 29 U.S.C. § 216(b). Accordingly, solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

6. The Court finds, for settlement purposes only, that that the Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rule of Civil Procedure.

7. The Court finds, for settlement purposes only, that the group of Class Members who have submitted a fully executed Consent to Join Settlement Class Form meets the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act.

8. The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, and each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

9. Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released State

Law Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Settlement Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

10. All of the Released Federal Law Claims are dismissed with prejudice as to Class Members who have submitted a fully executed Consent to Join Settlement Class Form to the Claims Administrator as of the date of this Order. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

11. By this Judgment, the Class Representatives, and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged, Janney Montgomery Scott LLC, and each of its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns; Parker/Hunter, Inc., and each of its affiliates (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns; and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, including all of the defendants identified as DOES 1-10 in the Consolidated Complaint for this action ("Janney Releasees"), from any and all applicable state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against Janney Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that a Settlement Class Member and/or Class Representative does not know or suspect to exist in his or her favor at the time

of the entry of the Court's Judgment in the Litigation, that accrued prior to the date of this Order for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations:  (a) all claims asserted or which could have been asserted in the Litigation which arose under the facts alleged therein and/or under applicable state and local wage and hour laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of premium pay or other compensation or wages to Class Members in Covered Positions; (c) all claims under applicable state and local laws and regulations for the failure to provide or pay for meal, break, and/or rest periods for Class Members in Covered Positions; (d) all claims under applicable state and local laws and regulations stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees; (e) all claims, including without limitation state statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for costs or penalties for expenses and other amounts, including, but not limited to, for cancelled or broken trades or errors or mistakes of Class Members in Covered Positions, including without limitation, claims for improper trading error chargebacks or deductions; (f) all claims, including without limitation state and local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for business expenses, costs or deductions of or related to Class Members in Covered Positions, including without limitation, expenses, costs or deductions for support staff, marketing, advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs,

subscriptions, office supplies, office equipment, desk fees, license and registration fees, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts, and claims for allegedly improper deductions from or chargebacks to compensation for such business expenses and costs under applicable state and local laws and regulations; (g) all claims asserted in *Andrew P. Haag v. Janney Montgomery Scott, LLC,* Case No. 06-25896, currently pending in the Court of Common Pleas, Allegheny County, Pennsylvania; and (h) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (g) above under any applicable law or regulation (collectively the "Released State Law Claims"). The Released State Law Claims are the claims meeting the above definition under any and all applicable statutes, regulations or common law, including without limitation those state specific wage and hour laws set forth in Schedule 2 enclosed with the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement.

12. In addition, by this Judgment, the Class Representatives, and each Settlement Class Member who has submitted a fully executed Consent to Join Settlement Class Form, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged, the Janney Releasees from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Janney Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims that are unknown, based on and/or arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* that accrued prior to the date of this Order, for any type of relief, including without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest,

attorneys' fees, litigation costs, restitution, or equitable relief (collectively the "Released Federal Law Claims").

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released State Law Claims or Released Federal Law Claims, or of any wrongdoing or liability of Janney or any of the Janney Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Janney or any of the Janney Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Janney or any of the Janney Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and all other Settlement Class Members (other than those who timely filed Opt-Out Forms) from prosecuting any Released State Law Claims and all Settlement Class Members who submitted Qualifying Claim Forms and Consent to Join Settlement Forms are barred from prosecuting any Released Federal Law Claims.

15. The only Settlement Class Members entitled to payment pursuant to this Judgment are Class Members who have submitted a fully executed Settlement Claim Certification Form and a fully executed Consent to Join Settlement Class Form by the date of this Order. Neither the

Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

16. The Court finds that the core of Plaintiffs' claims involves failure to pay overtime wages and that, as such, the plan of allocation is reasonable in that it values the overtime claims of each Class Member equally. Distribution to Participating Settlement Class Members shall be done in accordance with the terms outlined in the Notice and Settlement agreement and set forth below.

17. The Net Settlement Amount shall be divided by the total number of Compensable Months worked by all Participating Settlement Class Members, producing a Work Month Multiplier. Each Participating Settlement Class Member will then have their individual Compensable Months multiplied by the aforementioned Work Month Multiplier which will result in the final amount that a Participating Settlement Class Member shall receive under the terms of this Settlement. Under no circumstances will a Participating Settlement Class Member who worked at least one day in a Covered Position during the Class Period be credited for less than one Compensable Month.

18. Janney has agreed to pay: (i) Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter; (ii) the Claims Administrator its reasonable fees for its services; and (iii) an enhancement to the Class Representatives to reimburse them for their unique services. The Court finds that payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel attorneys' fees in the amount of 30% of the $2.88 million Maximum Settlement Amount plus the pro rata accrued interest as of the date of disbursement. In addition, the Court hereby awards $50,990.18 for reimbursement of out of pocket expenses. The Court also hereby orders Janney to pay the Claims Administrator for services rendered in this matter.

19. The Class Representatives enhancement awards of $20,000.00 each are approved

to reimburse them for their unique services in initiating and maintaining this litigation.

20. Janney is directed to make such payments to Class Counsel, the Claims Administrator, and the Class Representatives in accordance with the terms of the Stipulation.

21. This matter is hereby dismissed with prejudice. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and Janney for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

22. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

23. Plaintiffs' motions for final approval of settlement (Document No. 101) and for attorneys' fees, costs, and enhancement awards (Document No. 104) are **GRANTED.**

          **BY THE COURT:**

          *[signature]*

          **Berle M. Schiller, J.**